**1822-AC07686**

Electronically Filed - City of St. Louis - June 14, 2018 - 02:23 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| THERESA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>BURLINGTON FINANCIAL GROUP, LLC<br><br>Serve at:<br>1101 Megg Court<br>Joppa, MD 21085<br><br>and<br><br>LAW OFFICES OF JEFFREY LOHMAN, A PROFESSIONAL CORPORATION<br><br>Serve at:<br>Andrew R Gale<br>1820 W Orangewood Ave., Ste 104<br>Orange, CA 92868<br><br>    Defendants. | Cause No.<br><br>Division<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### PETITION

COMES NOW Plaintiff, Theresa Johnson, by and through her undersigned counsel, and for her Petition states as follows:

### INTRODUCTION

1.    This is an action for actual and punitive damages brought by an individual for violations of the Missouri Merchandising Practices Act, Sections 407.010 RSMo. et seq. ("MMPA").

1

2. This is an action for actual and punitive damages brought by an individual consumer for violations of the Credit Repair Organizations Act, 15 U.S.C. Sections 1679 et seq. ("CROA").

3. This is an action for actual and punitive damages brought by an individual for violations of Sections 407.635 RSMo. et seq. governing credit service organizations ("CSO Statutes").

4. This is an action for compensatory and punitive damages brought by an individual for the unauthorized practice of law.

5. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of Plaintiff's claims under Sections 407.025(1) and 407.644 RSMo.

7. Venue is proper in the City of St. Louis, Missouri under Section 508.010.2(4) RSMo. because Plaintiff resides in the City of St. Louis, Missouri and was damaged in the City of St. Louis, Missouri.

8. The circuit court has jurisdiction of all claims under Section 478.070 RSMo.

## PARTIES

9. Plaintiff Theresa Johnson ("Plaintiff") is an individual person and a City of St. Louis, Missouri resident.

10. Defendant Burlington Financial Group, LLC ("Burlington") is a foreign entity doing business in Missouri without any licensure whatsoever. Burlington is located in Towson, Maryland.

2

11. Defendant Law Offices of Jeffrey Lohman, a Professional Corporation ("Lohman") is a foreign entity doing business in Missouri without any attorneys in their office admitted to practice in the state.

12. Lohman, at all times relevant, functioned as Burlington's agent and acted at Burlington's express permission with Burlington's knowledge and approval.

## FACTS

### *Burlington Convinces Plaintiff to Sign Up*

13. Plaintiff is a disabled individual who lives on Social Security and Disability payments.

14. As a result of being unable to work, Plaintiff's credit card and unsecured debts began to accumulate in 2016 and 2017.

15. Plaintiff owed debts to many unsecured creditors and her situation had become unmanageable.

16. Plaintiff wanted advice on whether she should try to pay off the debts and as to what the consequences would be if she did not pay off the debts.

17. In approximately August of 2017, Plaintiff saw a Burlington television advertisement that promised Burlington could eliminate Plaintiff's debt through a process called debt "validation" or "verification."

18. Burlington's advertisement offered services that would get the debt collectors to stop bothering Plaintiff and that their "debt validation" would actually eliminate her bills.

19. Plaintiff thought that Burlington might be able to help her with her situation and inquired into the services that Burlington was offering.

3

Electronically Filed - City of St. Louis - June 14, 2018 - 02:23 PM

Electronically Filed - City of St. Louis - June 14, 2018 - 02:23 PM

20. Plaintiff received a pamphlet and other items in the mail containing more information about the services Burlington was offering.

21. Burlington offered a one-size-fits-all plan that involved using their debt "validation" techniques that would help plaintiff "take back control of [her] finances."

22. Burlington communicated to Plaintiff that its techniques would be better for Plaintiff than filing for bankruptcy, and that by using "proprietary dispute documents, all collection calls and activity should stop."

23. Burlington also communicated to Plaintiff that their second step of sending a "letter of nonresponse/non-compliance to the debt collector" was supposed to have the Plaintiff's account removed from active collection status.

24. Among other representations, Defendants advised Plaintiff that if a creditor could not "validate" a debt, Plaintiff would not have to pay the debt.

25. All of Burlington's representations about all of its services were completely false.

26. Burlington specifically provided information on the Fair Debt Collection Practices Act to Plaintiff and explained how they "fully utilize . . . the FDCPA, and other Federal and State consumer protection statutes" to help stop collection activities.

27. Burlington, without a single in-house lawyer doing any work on Burlington's behalf, did not utilize the FDCPA for its clients like it represented to Plaintiff that it would.

28. Burlington communicated to Plaintiff that she would receive the "Veritas Legal Plan" ("the plan") which would provide "protection against creditor lawsuits and aggressive collectors."

4

29. The plan promised a "local network attorney" for "any debt collection matter that arises."

30. The plan was for "full representation" and "preparation of all court filings: Answers, motions, demands, interrogatories, counterclaims" and "court appearances- until case is closed."

31. Lohman, a California law firm, was the "local network attorney" to be provided to Plaintiff as part of Burlington's "Veritas Legal Plan."

32. Burlington promised that Plaintiff, in exchange for monthly payments of $391.26, would receive value for those payments because Burlington was going to provide their "debt validation services" and the "Veritas Legal Plan."

33. As Burlington provided a wide array of advice to Plaintiff about her secular rights as a Missouri debtor to various creditors, Burlington engaged in the practice of law with Plaintiff.

34. At all times relevant, Defendants knew that Plaintiff was unsophisticated and that Plaintiff had little to no knowledge of her legal responsibilities regarding her debts and that Plaintiff had little to no knowledge of the consequences that would occur if she simply stopped paying his creditors.

35. In September or October of 2017, Burlington abused Plaintiff's relative ignorance and their own position of power and enticed Plaintiff to enter into an agreement whereby Plaintiff agreed to (1) stop paying all of her unsecured creditors and (2) send $391.26 every month to Defendants.

5

36. For six months thereafter, Plaintiff did everything that Burlington instructed her to do and Burlington took $391.26 from Plaintiff's checking account via a pre-authorized electronic funds transfer.

37. To the extent the agreement ever contained a valid arbitration provision, Plaintiff never received a countersigned copy of the agreement and is no longer bound by any arbitration provision.

38. Plaintiff never agreed to arbitrate anything.

### *Burlington Takes Plaintiff's Money and Does Nothing For Her*

39. After signing up with Burlington, Plaintiff noticed that the collection calls and letters actually increased.

40. As a result, Plaintiff made numerous calls to Burlington to question them about the uptick in collection activity and found Burlington to be non-responsive.

41. Specifically, Burlington refused to explain why collection activity was increasing and instead told Plaintiff to keep sending Burlington money.

42. Plaintiff soon learned that the creditors were not going away and that Burlington's program was worthless.

43. Burlington eventually referred Plaintiff to Lohman.

44. No attorney at Lohman is licensed in Missouri.

45. As such, no attorney at Lohman was familiar with Missouri laws relating to the collection of debts and/or consumer rights in such a situation.

46. Nonetheless, Lohman attempted to provide legal advice to Plaintiff about dealing with her creditors.

Electronically Filed - City of St. Louis - June 14, 2018 - 02:23 PM

47. In early 2018, Plaintiff was directed to call Lohman and did so.

48. Plaintiff spoke with two individuals who identified themselves as "Kenya" and "Samantha" and purported to be attorneys.

49. Neither Kenya nor Samantha was ever licensed to practice law in Missouri.

50. Lohman and all of its personnel, including Kenya and Samantha, were located in California.

51. Kenya and Samantha provided Plaintiff with advice on how to respond to debt collectors that were calling Plaintiff over the phone in Missouri.

52. Kenya and Samantha provided Plaintiff with a "statement" that Plaintiff was supposed to read over the phone to her debt collectors that would call in Missouri.

53. Kenya and Samantha told Plaintiff to tell debt collectors not to call Plaintiff's cellular telephone located in Missouri.

54. Plaintiff paid valuable consideration for this legal advice.

55. Defendants' legal advice was deficient, wrong, and incredibly damaging to Plaintiff.

56. Plaintiff, after taking Defendants' advice and not paying any of her creditors for six months, put herself in a much worse financial position.

57. At least one creditor, Synchrony Bank, sued Plaintiff after Plaintiff followed Defendants' advice to stop paying Synchrony Bank.

58. Defendants have not improved Plaintiff's credit as they promised; Defendants destroyed Plaintiff's credit.

7

Electronically Filed - City of St. Louis - June 14, 2018 - 02:23 PM

59. Defendants, upon information and belief, have pocketed all or most of Plaintiff's money and have not performed as they promised.

60. Defendants' actions have caused Plaintiff to suffer loss in excess of the minimum jurisdictional amount of this Court.

61. Defendants' actions were wanton, willful, and in deliberate disregard of Plaintiff's rights.

### COUNT I: VIOLATION OF THE MMPA - BURLINGTON FINANCIAL

62. Plaintiff incorporates all prior paragraphs as if fully stated herein.

63. Plaintiff purchased debt "validation services" from Burlington on the basis of Burlington's statements and/or omissions about Burlington's services being beneficial to Plaintiff.

64. Burlington's statements about their services were deceptive, false, unfair, and concealed material facts in connection with its sale of their services to Plaintiff.

65. Specifically, Burlington represented that it could help Plaintiff have her debts removed from active collection status or otherwise settled.

66. This representation was false. As evidenced by the Synchrony Bank suit, Plaintiff was worse off for having followed Burlington's advice.

67. Plaintiff paid Burlington more than $1,500 for which Plaintiff received virtually no value. For her $1,500, Plaintiff was worse off than before she agreed to deal with Burlington.

68. Burlington deceived Plaintiff by telling her to stop paying her credit cards despite knowing that this would make Plaintiff's situation worse.

8

69. Burlington deceived Plaintiff by failing to advise her that her payments to Burlington were valueless.

70. Plaintiff would never have used Burlington's services if she had known that Burlington would mislead her about Defendants' services and pocket her money.

71. Defendants' conduct occurred in connection with the sale of "debt validation services" and the "Veritas Legal Plan" to Plaintiff.

72. Because of the representations, omissions, and actions of Defendants, Plaintiff purchased Defendants' services and, as a result, suffered monetary loss and actual damages in excess of the minimum jurisdictional amount of this Court.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A. Actual damages in an amount greater than the minimum jurisdictional amount of this Court to be determined at trial;

    B. Punitive damages pursuant to RSMo. § 407.025(1) in the largest amount allowed by law;

    C. Reasonable attorney's fees pursuant to RSMo. § 407.025(1); and

    D. For such other and further relief as the Court deems proper.

### COUNT II: VIOLATION OF THE CROA - ALL DEFENDANTS

73. Plaintiff incorporates all prior paragraphs as if fully stated herein.

74. Defendants services were supposed to help Plaintiff repair her credit in exchange for regular monthly payments from Plaintiff.

Electronically Filed - City of St. Louis - June 14, 2018 - 02:23 PM

75. In their attempts to offer credit repair services to Plaintiff, Defendants have committed violations of the CROA, 15 U.S.C. § 1679 et seq., including, but not limited to, the following:

a. Making or using an untrue or misleading representation of Defendants' services, 15 U.S.C. § 1679b(a)(3);

b. Engaging, directly or indirectly, in an act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of Defendants' services, 15 U.S.C. § 1679b(a)(4); and

c. Charging any money or other valuable consideration for the performance of a service which Defendants have agreed to perform for any consumer before such service is fully performed, 15 U.S.C. § 1679b(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendants' conduct violated the CROA;

B. Actual damages;

C. Punitive damages pursuant to 15 U.S.C. § 1679g(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1679g(3); and

E. For such other relief as the Court may deem just and proper.

**COUNT III: VIOLATION OF THE CSO STATUTES - ALL DEFENDANTS**

76. Plaintiff incorporates all prior paragraphs as if fully stated herein.

77. Plaintiff is an individual who purchased the services of a credit services organization from Defendants.

78. Defendants, who function with respect to the extension of credit by others and in return for the payment of money or other valuable consideration, provided or represented to Plaintiff that they could or would 1) improve Plaintiff's credit record, history, or rating, 2) obtain an extension of credit for Plaintiff, or 3) provide advice or assistance to Plaintiff with regard to those services.

79. In their provision of the services of a credit services organization to Plaintiff, Defendants committed violations of the CSO Statutes, RSMo. 407.635 et seq., including, but not limited to, the following:

   a. Charging Plaintiff money or other valuable consideration before completing performance of all services Burlington had agreed to perform for Plaintiff, RSMo. § 407.638(1); and

   b. Making and using false and misleading representations to Plaintiff in the offer and sale of the services of a credit services organization, RSMo. § 407.638(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

   A. Judgment that Burlington's conduct violated the CSO Statutes;

   B. Actual damages in an amount no less than the amount Plaintiff paid to Burlington pursuant to 407.644.1(1);

   C. Punitive damages pursuant to pursuant to 407.644.1(2);

   D. Costs and reasonable attorney's fees pursuant to pursuant to 407.644.1(1); and

   E. For such other relief as the Court may deem just and proper.

**COUNT IV: UNAUTHORIZED PRACTICE OF LAW - ALL DEFENDANTS**

11

80. Plaintiff incorporates all prior paragraphs as if fully stated herein.

81. Throughout their course of dealing with Plaintiff, Burlington routinely prepared letters to Plaintiff's creditors and also, upon information and belief, engaged in phone calls with these creditors that attempted to challenge, dispute and/or settle Plaintiff's obligations with those creditors.

82. Burlington provided legal advice to Plaintiff about how to deal with her creditors in order to eliminate her debts.

83. Similarly, Lohman also provided legal advice to Plaintiff about how to deal with creditors in order to eliminate her debts.

84. Defendants provided counsel to Plaintiff to cease paying his creditors in favor of paying Defendants.

85. Neither Defendants nor any of their agents that dealt with Plaintiff are, or ever were, authorized to practice law in Missouri.

86. Defendants acted in a representative capacity on behalf of Plaintiff by preparing documents and instruments, and by providing advice and recommendations, that affected the secular rights of Plaintiff.

87. Defendants advised Plaintiff that they possessed expertise with the FDCPA, among other consumer protection laws, and would apply these laws to validate Plaintiff's debts and stop collection activities directed at Plaintiff.

88. Plaintiff paid substantial fees to Defendants for and in connection with the counsel they provided.

Case: 4:19-cv-00457   Doc. #:  1-1   Filed: 03/15/19   Page: 13 of 16 PageID #: 16

Electronically Filed - City of St. Louis - June 14, 2018 - 02:23 PM

89.   Because of the actions of Defendants, Plaintiff suffered monetary loss and actual damages in excess of the minimum jurisdictional amount of this Court.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

A.   Judgment that Defendants' conduct constituted the unauthorized practice of law;

B.   Actual damages;

C.   Punitive damages;

D.   Treble damages pursuant to RSMo. § 484.020(2).

E.   Costs and reasonable attorney's fees; and

F.   For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
Ethan W. Gee, #70075
ethan@rossvoytas.com
Erika V. Dopuch, #70031
erika@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff







**SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>DAVID A ROITHER | Case Number: 1822-AC07686 | |
|---|---|---|
| | | (Date File Stamp) |
| Plaintiff/Petitioner:<br>THERESA JOHNSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO 63131<br>(314) 394-0605 | Process Server 1 |
| Defendant/Respondent:<br>BURLINGTON FINANCIAL GROUP LLC | | Process Server 2 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>18-JUL-2018 09:30 AM<br>Division 28<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | Process Server 3 |

### Summons for Personal Service Outside the State of Missouri
(Associate Division Cases)

The State of Missouri to: LAW OFFICES OF JEFFREY LOHMAN, A PROFESSIONAL CORPORATION
   Alias:
C/O ANDREW R GALE
1820 W ORANGEWOOD AVE
SUITE 104
ORANGE, CA 92868

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____      _Thomas Kloeppinger_
Date                          Thomas Kloeppinger
                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

Subscribed and Sworn to before me this _____ (date).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
(Seal)             ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

## Directions to Clerk

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-09) SM70 (ASOS) *For Court Use Only:* Doc ID# 18-ASOS-314     3     (1822-AC07686)     Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510, 517.041 RSMo