UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-cv-00457-AGF |
| | ) |
| LAW OFFICES OF JEFFREY LOHMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion (ECF No. 7) to remand and several related motions arising out of deficiencies in the notice of removal that attorney Gary Eastman filed in this case on behalf of Defendant Veritas Legal Plan, Inc. ("Veritas"). For the reasons set forth below, Plaintiff's motion to remand and her related motions will be denied.

**BACKGROUND**

Eastman filed his notice of removal on March 15, 2019, asserting that the Court had federal question jurisdiction as well as diversity jurisdiction over Plaintiff's claims.[1] Plaintiff does not dispute that the Court has subject matter jurisdiction. However, Plaintiff seeks a remand on the ground that the notice of removal was defective because (1) Eastman has not been admitted to practice in this Court and (2) the other remaining Defendant, the Law Offices of Jeffrey Lohman ("Lohman"), never properly consented to removal and cannot do so now, as the 30-day deadline for removal under 28 U.S.C. §

---

[1] Plaintiff's alleges a claim under the federal Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq., and several state law claims.

1446(b)(1) expired on March 18, 2019. Plaintiff further seeks attorneys' fees and costs as a result of the improper removal, under 28 U.S.C. § 1447(c).

Eastman stated in his notice of removal that Lohman consented to the removal and that a copy of Lohman's consent was attached, but Eastman failed to attach the written consent. Eastman also failed to timely respond to Plaintiff's motion to remand.[2] However, after Plaintiff filed the motion to remand, Eastman filed a motion to amend his notice of removal (ECF No. 8) in order to attach Lohman's consent, which Eastman contends he inadvertently failed to attach to the original notice. The consent to removal is dated March 15, 2019 and is signed by Eastman on behalf of Lohman.

Further, after Plaintiff filed the motion to remand, Eastman filed a motion for leave to appear pro hac vice (ECF No. 8). As Plaintiff notes, Eastman's motion states that he is moving for admission "for the purpose of representing Michael Brown" in this matter. ECF No. 8. The reference to Michael Brown, who is not a party in this matter, is obviously a typographical error. Eastman also failed to attach a certificate of good standing from the highest court of the state in which he resides or is regularly employed as an attorney, as required under Local Rule 83-12.01(F). After being contacted by the Clerk of Court regarding this error, Eastman supplemented his motion with a certificate of good standing from the Supreme Court of Kansas, where Eastman resides and practices. ECF No. 14.

---

[2] Eastman filed an untimely response without leave of Court on April 30, 2019. Plaintiff has moved to strike Eastman's response and again seeks an award of attorneys' fees. ECF No. 13. Although the Court declines to strike the response, the Court cautions Eastman to advise himself of this Court's local rules and to adhere to those rules going forward.

Plaintiff has moved to strike (ECF No. 11) Eastman's motion to amend on the ground that Eastman cannot consent for Lohman in this Court because Eastman has not been admitted to practice in this Court. Plaintiff also argues that Eastman's motion for admission pro hac vice should be denied.

**DISCUSSION**

As an initial matter, the Court will grant Eastman's motion for admission pro hac vice. The Court will deem the motion to seek admission pro hac vice for the purpose of representing Defendants Veritas and Lohman.[3] Although Eastman failed to comply with the local rule regarding the attachment of his certificate of good standing, he cured this deficiency upon notice by the Clerk of Court.

The Court then turns to the question of Defendants' compliance with the requirement under 28 U.S.C. § 1446, that "all defendants who have been properly joined and served must join in or consent to the removal of the action." Although the statute does not specify what form the consent must take, the Eighth Circuit has held that "a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal."

---

[3] Local Rule 83-12.01(F) requires that the motion for admission pro hac vice "must be verified and must include the name of the movant attorney, the address and telephone number of the movant, the name of the firm under which the movant practices, the name of the law school attended and the date of graduation, the movant's dates and places of admission to practice law; and a statement that the movant is in good standing in all bars in which he or she is a member, and that the movant does not reside in the Eastern District of Missouri, is not regularly employed in this district, and is not regularly engaged in the practice of law in this district." Eastman's motion includes these elements.

*Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). This is true even if, as here, the co-defendant does not file its notice of consent to removal until after the 30-day deadline for removal. *Id.* In this regard, the Eighth Circuit has "been disinclined to apply the unanimity requirement in a 'hypertechnical and unrealistic manner." *Id.* (citation omitted). Thus, the Court concludes that Lohman's consent in this case was sufficient. Eastman's timely filed and signed notice of removal indicated Lohman's consent, and Eastman later filed Lohman's notice of consent.

Although Eastman was not at that time admitted to practice in this Court, Plaintiff has not pointed to the Court to any authority compelling remand in such a case. The Court declines to remand, particularly now that Eastman will be admitted pro hac vice. *See, e.g., Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2009 WL 10672293, at *1 (W.D. Mo. Nov. 17, 2009) (declining to remand where an attorney failed to move for admission pro hac vice before filing his notice of removal, and noting that remand in such a case would be "heavy-handed"). However, as previously noted, the Court cautions Eastman to carefully adhere to the Court's requirements and local rules going forward.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motions to remand, to "confess" her motion to remand, and to strike certain filings of Gary Eastman are **DENIED**. ECF Nos. 7, 10, 11 &13.

4

**IT IS FURTHER ORDERED** that Gary Eastman's motions for leave to appear pro hac vice and to amend his notice of removal are **GRANTED**. ECF Nos. 8 & 9.

This case will be set for a Rule 16 conference by separate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2019.