UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>VERITAS LEGAL PLAN, INC., et al.,<br><br>    Defendants. | Case No. 4:19-CV-00457-AGF |

**MEMORANDUM IN SUPPORT OF DEFENDANTS VERITAS
LEGAL PLAN, INC. AND LAW OFFICES OF JEFFERY
LOHMAN, P.C.'S MOTION FOR SUMMARY JUDGMENT**

Submitted by:

Gary Eastman, 50767(MO)
The Eastman Law Firm
12288 S. Mullen Rd.
Olathe, KS  66062
(913) 908-9113
gary@eastmanlawfirm.com
*Attorney for Defendants*

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………………..ii

Statement of the Case……………………………………………………………….…..1

Argument……………………………………………………………..……………….…3

    A. Introduction…………………………………………………...…………..3

    B. Analysis……………………………………………………………………3

        I. Motion for Summary Judgment Standard……………..………………3

        II. Missouri Merchandising Practices Act…………………...……………..4

        III. Credit Repair Organizations Act……...……………………………….6

        IV. Credit Services Organization Statutes..……………………...…………7

        V. Unauthorized Practice of Law……………………………...…………...8

        VI. Plaintiff Has No Damages……………...……………………...………..11

Conclusion………………………………………………………………………….....11

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Hobby Lobby*, 477 U.S. 242, 250 (1986)............................................... 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)................................................... 3

*ITT Commercial Fin. Corp v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376, 378 (Mo. Ban 1993)............................................................................................... 3, 4

*Martin v. City of Washington*, 848 S.W. 2d 487, 492 (Mo. Banc 1993).................... 3

*Scott v. Harris*, 550 U.S. 372, 380 (2007).................................................................. 3

**Statutes**

15 U.S.C. §1679 et seq............................................................................................ 2, 6

15 U.S.C. § 1679a....................................................................................................... 7

15 U.S.C. § 1679b....................................................................................................... 7

R.S.Mo. § 407.010 et seq........................................................................................... 2

R.S.Mo. § 407.020.................................................................................................. 4, 6

R.S.Mo. § 407.025...................................................................................................... 6

R.S.Mo. § 407.635 et seq........................................................................................... 2

R.S.Mo. § 407.637 et seq........................................................................................... 7

R.S.Mo. § 407.638...................................................................................................... 8

R.S.Mo. § 484.010 et seq........................................................................................... 2

R.S.Mo §484.010.................................................................................................. 9, 10

R.S.Mo. § 484.020............................................................................................ 8, 10, 11

**Regulations**

15 CSR § 60-9.020...................................................................................................... 4

15 CSR § 60-9.040...................................................................................................... 4

15 CSR § 60-9.050……………………………………………………………………….. 4

15 CSR 60-9.100………………………………………………………………………… 5

15 CSR 60-9.110………………………………………………………………………… 5

**Rules**

Fed.R.Civ.P. 56(b)…………………………………………………………………… 3, 4

## STATEMENT OF THE CASE

As part of its business offering creditor relief services to consumer debtors, Burlington Financial Group (hereinafter referred to as "Burlington") produces television commercials. Plaintiff Theresa Johnson (hereinafter referred to as "Plaintiff") saw these television commercials and retained Burlington to assist her with mounting creditor problems in 2017. Plaintiff paid Burlington approximately $2,500.00 via monthly deductions of around $391.00 from her checking accounting. When Plaintiff became dissatisfied with the services provided by Burlington, she discharged Burlington and demanded a refund of the amounts she had paid. Plaintiff was able to immediately reclaim at least two months of payments through her bank and later full reimbursement from Burlington plus an additional $1,000. In total, Plaintiff received approximately $3,500 from Burlington prior to Burlington's dismissal from this lawsuit on September 6, 2018.

Defendant Veritas, Inc. (hereinafter "Veritas") is a prepaid legal plan incorporated in Florida, which provides defense coverage for creditor lawsuits. As part of its services, Burlington enrolled Plaintiff in Veritas' prepaid legal plan and paid Veritas directly its monthly fees of between $15 and $20. Plaintiff never made a claim with Veritas and did not utilize Veritas' legal plan to defend against a creditor lawsuit. Plaintiff did not enter into an agreement with Veritas or directly pay Veritas any compensation.

Lohman is an attorney licensed in the State of Arizona who practices in the areas of Telephone Consumer Protection and Fair Debt Collection Practices under federal law. Veritas has a referral relationship with Lohman as part of its business. After Plaintiff requested assistance from Burlington to stop creditor phone calls, Burlington notified Veritas. Veritas then sent Lohman Plaintiff's contact information. Lohman's employees talked with Plaintiff on several

1

occasions and encouraged her to call her creditors and ask them not to call anymore. Lohman's employees asked Plaintiff to log any more calls from creditors, and followed up via text message to determine if the calls did in fact stop. At no time did Plaintiff retain, or pay any compensation to, Lohman.

Plaintiff initiated this lawsuit against Burlington, Veritas and Lohman to recover on various claims. Burlington has already refunded the entire amount of money it received from Plaintiff and, as part of its dismissal from this lawsuit, paid Plaintiff an additional sum. Despite this, Plaintiff is continuing to prosecute its claims against Defendants Lohman and Veritas alleging (1) violation of the Missouri Merchandising Practices Act, R.S.Mo. § 407.010 et seq. (hereinafter referred to as "MMPA"), (2) violation of the Credit Repair Organizations Act, 15 U.S.C. §1679 et seq. (hereinafter referred to as "CROA"), (3) violation of Missouri's credit services organization statutes, R.S.Mo. § 407.635 et seq.) (hereinafter referred to as "CSOS"), and the unauthorized practice of law (R.S.Mo. § 484.010 et seq.).

All of these claims are deficient as a matter of law. Burlington is the entity with which Plaintiff contracted and is no longer a defendant in this lawsuit; Burlington is the only entity that received money from Plaintiff; neither Lohman nor Veritas are agents of Burlington; and Burlington is the only entity that advertised to Plaintiff, may have purported to be a Credit Repair Organization to Plaintiff, may have offered credit services to Plaintiff, or shared any privity of contract with Plaintiff whatsoever. Summary judgment should be granted to Defendants on all of Plaintiff's claims.

## ARGUMENT

**A.  Introduction**

Defendants Lohman and Veritas are entitled to summary judgment on Plaintiffs claims under the MMPA, the CROA, the CSOS, and for the unauthorized practice of law. The summary judgment record shows that there are no disputes on any issue of material fact. Plaintiff does not have privity of contract with either Defendant, did not pay either Defendant, and has wholly failed to produce evidence sufficient to support essential elements of her claims against these Defendants.

**B.  Analysis**

### I.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When a properly supported motion for summary judgment is made, the adverse party "must set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); *see also Anderson v. Hobby Lobby*, 477 U.S. 242, 250 (1986). Facts set forth in support of a party's motion are taken as true unless those facts are contradicted by the non-moving party's response, and a genuine record only exists when the record shows a "real and substantial" dispute – "one consisting not merely of conjecture, theory and possibilities." *ITT Commercial Fin. Corp v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376, 378 (Mo. Ban 1993). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007); *see also Martin v. City of Washington*, 848

3

S.W. 2d 487, 492 (Mo. Banc 1993)("[T]o overcome a properly made motion for summary judgment, the opposing party must demonstrate the existence of a factual question that would permit a reasonable jury to return a verdict for the opposing party.").

A defending party may be entitled to summary judgment by showing (1) "facts that negate any one of the claimant's elements facts," (2) that the non-movant is unable to produce "evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements," or (3) "that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense." *ITT Comercial Fin.Corp.*, 854 S.W.2d at 381.

## II. PLAINTIFF'S CLAIM UNDER THE MISSOURI MERCHANDISING PRACTICES ACT IS DEFICIENT AGAINST BOTH DEFENDANTS

Missouri's Merchandising Practices Act is violated only if one uses deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of merchandise in trade or commerce or the solicitation of funds for a charitable purpose. R.S.Mo. § 407.020.1.

These prohibited activities are defined in Missouri's Code of State Regulations. "Deception" is defined as "any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive, or cheat, or that tends to create a false impression." 15 CSR § 60-9.020. "Fraud includes any acts, omissions or artifices which involve falsehood, deception, trickery, breach of legal or equitable duty, trust, or confidence and are injurious to another by which an undue or unconscientious advantage over another is obtained." 15 CSR § 60-9.040. "False pretense is any use of trick deception, forgery, or false and fraudulent representation, statement, pretense, instrument or device with the intent to defraud." 15 CSR § 60-9.050. "Misrepresentation" requires that a person make a fraudulent assertion in connection with the

advertisement or sale of merchandise. 15 CSR 60-9.100. "Concealment of material facts is any method, act, use or practice which operates to hide or keep material facts from consumers." 15 CSR 60-9.110.

Neither Lohman nor Veritas employed such methods when dealing with the Plaintiff. Neither advertised to her. Plaintiff admits that she never spoke with Veritas. Defendants' Statement of Material Uncontroverted Facts ("SMF") ¶ 14. She was unaware of any representation Lohman made to her. She was unable to identify any deception, fraud, false pretense or concealment of facts made by Veritas or Lohman. In fact, when asked about her interactions with Lohman, Plaintiff responded, "Yea, I don't have no knowledge of Lohman". *Id.* ¶ 25.

It seems that Plaintiff's theory of recovery against these Defendants is to somehow conflate them with Burlington. Burlington, Veritas, and Lohman are separate entities though. They do not share ownership, are not agents of one another, and did not represent themselves as such. *Id.* ¶¶ 29-34.

Burlington contracted with Plaintiff for credit services. As part of that arrangement, Burlington enrolled Plaintiff in a prepaid legal plan with Veritas. Plaintiff never talked to Veritas, did not pay Veritas, did not make a claim under the plan, and didn't even know what service Veritas provided. *Id.* ¶¶ 9, 12, 14.

When informed that Plaintiff was receiving creditor calls, Burlington asked Plaintiff if she would like to talk to an attorney about potentially halting those calls. Plaintiff did and her information was sent to Lohman. Lohman's office contacted Plaintiff with her consent and attempted to assist her in stopping the creditor calls. Plaintiff did not retain Lohman and was unable to identify or articulate a complaint she had with Lohman other than that the creditor calls did not cease. *Id.* ¶¶ 17, 20, 21.

5

In her deposition, Plaintiff made clear her complaint was solely with Burlington. Burlington had advertised to her. Burlington had contracted with her. *Id.* ¶¶ 2. Burlington had accepted her money and she was unsatisfied with its progress on her creditor problems. *Id.* ¶¶ 3, 4. Burlington had let her down. She did not know how the different parties worked together, but felt if Burlington recommended Lohman or Veritas, they must in some way be responsible for Burlington's failures. This, however, is insufficient as a matter of law to assess liability for Burlington's acts or omissions onto Veritas and Lohman.

Further, while R.S.Mo. § 407.025 grants a private cause of action for violations of R.S.Mo. § 407.020, this cause of action is limited to "any person who purchases or leases merchandise . . . and thereby suffers an ascertainable loss of money or property" R.S.Mo. § 407.025. In other words, a civil cause of action for violations of the MMPA are limited to those who have purchased or leased property due to an unlawful act. Since Plaintiff did not pay Veritas or Lohman, she is not afforded a private cause of action under the MMPA. Any argument that she paid Burlington is a red herring. Burlington has been dismissed from this suit and Plaintiff admits that she did not pay either Veritas or Lohman. SMF ¶ 28. Further, the services offered by Veritas and Lohman were just that, not a purchase or lease of "merchandise". Plaintiff's claims under the MMPA must fail as a matter of law.

### III. DEFENDANT LOHMAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM UNDER THE CREDIT REPAIR ORGANIZATIONS ACT

Plaintiff's next claim against Lohman is for violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. In order to fall within the ambit of this Act, though, Lohman would have to be a Credit Repair Organizations which the Act defines as:

> any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide or

6

perform) any service in return for the payment of money or other valuable consideration for the express or implied purpose of: (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i)...

15 U.S.C. § 1679a(3).

Defendant Lohman is not a credit repair organization. Lohman merely offered to assist Plaintiff in stopping harassing creditor calls. SMF ¶ 21. At no time did Lohman suggest, imply or act as though they could improve Plaintiff's credit history. In fact, Plaintiff admits she never spoke with Defendant Lohman about her credit record, credit history, or credit rating. SMF ¶ 24. She did not retain Lohman. Again, Plaintiff is conflating Burlington (an actual credit repair organization) with Lohman in order to proceed under this statute – even though Burlington has already been dismissed from this case and had no relationship with Lohman other than as a possible referral source.

In order to prevail on this claim, Plaintiff must not only show that Lohman is a credit repair organization, she must also present evidence that Lohman performed any of the prohibited acts under 15 U.S.C. § 1679b, including (1) making untrue or misleading representations relating to its services or (2) engaging in fraud or deception in connection with its services. *Id.* This she cannot do. Despite the conclusory allegations in the Petition, Plaintiff specifically stated in her deposition that her only complaint was with Burlington. The only thing Lohman did was try to help her stop harassing creditor phone calls. Plaintiff's claim under the CROA fail as a matter of law.

### IV. DEFENDANT LOHMAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM UNDER MISSOURI'S CREDIT SERVICES ORGANIZATION STATUTES

Plaintiff next claim falls under Missouri's version of the CROA, R.S.Mo. § 407.637 et seq. R.S.Mo. § 407.637 provides that:

7

> 1. A credit services organization is a person who, with respect to the extension of credit by others and in return for the payment of money or other valuable consideration, provides or represents that the person can or will provide any of the following services:
>
>   (1) Improving the buyer's credit record, history or rating;
>
>   (2) Obtaining an extension of credit for a buyer; or
>
>   (3) Providing advice or assistance to a buyer with regard to subdivision (1) or (2) of this subsection.

R.S.Mo. § 407.638 goes on to describe prohibited activities. According to Plaintiff's Petition, Lohman charged Plaintiff before completing performance of all services Lohman agreed to perform (R.S.Mo. § 407.638(1)) and made false and misleading representations to Plaintiff (R.S.Mo. § 407.638(3). As noted above, Plaintiff admits she did not retain or pay Lohman. SMF ¶¶ 22, 23. Lohman did not make any representations relating to improving Plaintiff's credit record, history or rating and did not make any false or misleading representations to her. Plaintiff did not sign, or even see, anything relating to Lohman improving a buyer's credit record, history or rating. *Id.* ¶ 24. In fact, Plaintiff admitted that the only communications she recalls with Lohman were attempts to help her stop creditor calls. Plaintiff's only complaint was with Burlington.

Since Lohman is not, and did not represent itself as, a credit service organization, Plaintiff's claim under Missouri's CSO statute must fail as matter of law. And even were one to assume, arguendo, that Lohman was a credit service organization, it did not do a prohibited activity under R.S.Mo. § 407.638.

### V. DEFENDANT LOHMAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF UNAUTHORIZED PRACTICE OF LAW

R.S.Mo § 484.020 prohibits the unauthorized practice of law. It provides:

> 1. No person shall engage in the ***practice of law or do law business, as defined in section 484.010***, or both, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect, nor shall any association, partnership,

8

limited liability company or corporation, except a professional corporation organized pursuant to the provisions of chapter 356, a limited liability company organized and registered pursuant to the provisions of chapter 347, or a limited liability partnership organized or registered pursuant to the provisions of chapter 358, engage in the practice of the law or do law business as defined in section 484.010, or both.

2. Any person, association, partnership, limited liability company or corporation who shall violate the foregoing prohibition of this section ***shall be guilty of a misdemeanor*** and upon conviction therefor shall be punished by a fine not exceeding one hundred dollars and costs of prosecution ***and shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered*** in violation hereof by the person, firm, association, partnership, limited liability company or corporation paying the same within two years from the date the same shall have been paid and if within said time such person, firm, association, partnership, limited liability company or corporation shall neglect and fail to sue for or recover such treble amount, then the state of Missouri shall have the right to and shall sue for such treble amount and recover the same and upon the recovery thereof such treble amount shall be paid into the treasury of the state of Missouri.

3. It is hereby made the duty of the attorney general of the state of Missouri or the prosecuting attorney of any county or city in which service of process may be had upon the person, firm, association, partnership, limited liability company or corporation liable hereunder, to institute all suits necessary for the recovery by the state of Missouri of such amounts in the name and on behalf of the state." (emphasis added)

R.S.Mo §484.010 further defines what constitutes the practice of law and law business:

1. The "practice of the law" is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.

2. The "law business" is hereby defined to be and is the advising or counseling ***for a valuable consideration*** of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever." (emphasis added)

R.S.Mo. §484.020 prohibits non-licensed attorneys from practicing law in the State of Missouri. Paragraph 2 is a criminal statute that states that if any person/entity violates this statute that they are guilty of a misdemeanor and upon conviction therefor shall be punished by a fine not exceeding one hundred dollars and costs of prosecution. After conviction, the violator may also be sued for treble the amount paid to him for services rendered. Paragraph 3 provides that it is the duty of the attorney general or prosecuting attorney to institute all suits necessary for the recovery of funds by the State of Missouri.

In other words, a conviction is a condition precedent to a private cause of action. Only upon conviction may a private right of action accrue. In this case, there has been no initiation of criminal proceedings, let alone a conviction. Therefore, no private cause of action for the unauthorized practice of law is cognizable.

Additionally, even where the private right of action accrues, it is only available to two entities: (1) the state of Missouri, or (2) the person paying the unauthorized practitioner. R.S.Mo. § 484.020(2). Here, Plaintiff did not pay Lohman anything. SMF ¶ 23. In fact, Plaintiff's only payments were made to Burlington. SMF ¶ 3. Plaintiff has no statutory authority to bring this action against Lohman.

Further, R.S.Mo. § 484.010 specifically defines the "practice of the law" and "law business." Lohman did not appear as an advocate in any representative capacity. SMF ¶27. Lohman did not draw up papers, pleadings or documents in connection with pending or prospective proceedings before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies. *Id.* ¶ 28. At most, Lohman advised Plaintiff what to tell her creditors so that they would stop calling her. *Id.* ¶¶ 20-21. Lohman was not paid any consideration for its services. Id. ¶ 23. In short, Lohman did not

"practice law or do law business" as defined by R.S.Mo. § 484.020. Plaintiff's claim related to the "unauthorized practice of law" is wholly without merit and judgment should be entered in favor of Defendant Lohman.

## VI. PLAINTIFF HAS NO DAMAGES

Neither Lohman nor Veritas was paid any consideration in this matter by Plaintiff. The only consideration that was paid was paid by Burlington to Veritas for the prepaid legal plan. SMF ¶ 10. Even if the actions of Burlington were improper, which is not at controversy here since Burlington is no longer a party defendant, Plaintiff has already been made whole. Burlington has refunded every penny of consideration Plaintiff paid it. Moreover, Plaintiff received an additional windfall when Burlington settled Plaintiff's claim against it. *Id.* ¶¶ 5-7.

Under all of Plaintiff's claims, actual damages are required for any recovery. Plaintiff admits that Burlington caused her actual damages (the amount she paid to Burlington). She has not presented any evidence of additional monetary damages that may be assessed against Veritas or Lohman. While she contends that she suffered emotional distress, she was unable to quantify that amount in her deposition. Plaintiff failed to identify an expert witness under this Court's order so that avenue for proving actual damages is also precluded from her. Since Plaintiff has been made whole by Burlington, she cannot prove any damages and her claims must fail.

## CONCLUSION

The record is clear. There are no genuine issues of material of fact in dispute. The only questions remaining are questions of law. Applying the facts at bar to the law mandates a judgment in the Defendants' favor on each and every one of those questions of law. Defendants Lohman and Veritas respectfully request this court grant its motion for Summary Judgment on all Plaintiff's causes of action.

Dated February 27, 2020                              Respectfully Submitted,

                                                                 /s/Gary Eastman
                                                                 Gary Eastman, 50767(MO)
                                                                 The Eastman Law Firm
                                                                 12288 S. Mullen Rd.
                                                                 Olathe, KS  66062
                                                                 (913) 908-9113
                                                                 gary@eastmanlawfirm.com
                                                                ***Attorney for Defendants***

## **CERTIFICATE OF SERVICE**

I certify that on the 27th day of February, 2020, I served the foregoing by filing it through the Court's efiling system, which will automatically transmit notice to the following case participants:

Richard A. Voytas, Jr.
Ethan W. Gee
12444 Powerscourt Drive, Suite 370
St. Louis, MO 63131
rick@rossvoytas.com

       /s/ Gary T. Eastman