# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

THERESA JOHNSON,

    Plaintiff,

v.

LAW OFFICES OF JEFFREY LOHMAN, P.C. et al.,

    Defendants.

Case No. 4:19-cv-00457-AGF

## MOTION REQUESTING THE IMPOSITION OF SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

**TO THE HONORABLE COURT:**

**COMES NOW,** Co-defendant Law Offices of Jeffrey Lohman, P.C. ("Lohman"), through its undersigned counsel, and respectfully states and prays:

## I. INTRODUCTION

On March 15, 2019, Defendants filed a notice of removal to this Court of the above-captioned matter, then pending before the Circuit Court of the City of St. Louis, Missouri State Court (ECF No. 1). The plaintiff's complaint, as it came from the record of the Missouri State Court, was entered at ECF No. 3, First Amended Petition, i.e., the latest version of Plaintiff's complaint, which had been originally filed in state court on November 7, 2018 (ECF No. 3).

As fully discussed below, the most essential allegations of Plaintiff's complaint have no factual foundation and are directly contradicted by undisputed evidence in Plaintiff's counsel's possession, and which was again provided to Mr. Richard Voytas more than 21 days ago, without a proper retraction or correction. Maintaining these fallacious allegations before this honorable Court, without having retracted those allegations that are contradicted by undisputed

sworn testimony, warrants the imposition of sanctions on Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11.

## II. DISCUSSION

A)  **PLAINTIFF'S COUNSEL'S CONDUCT WARRANTS SANCTIONS UNDER RULE 11.**

On or about November 7, 2018, Theresa Johnson's counsel, Ethan W. Gee of Ross & Voytas, filed a First Amended Petition, equivalent of an amended complaint, asserting more than 26 allegations directly contradicted by deposition testimony of Theresa Johnson, when she testified she had never paid any monies to Lohman, nor known that any other co-defendant either paid, or would pay, any monies to Lohman, that Lohman had never offered to, nor acted in connection with either her debts' settlement, nor with defense of a collection action in any court, nor offered his services for such purpose in the state of Missouri, or in any other jurisdiction. Mrs. Johnson also testified that to her knowledge, Mr. Lohman's advice was limited to how to handle telephone calls from creditors, including whether Mrs. Johnson could potentially claim for violations of the Telephone Consumer Protection Act by her creditors.

The pleading at issue was removed to this Court on March 15, 2019, and from such date, Plaintiff's counsel as continue to maintain said amended complaint, continuing to assert the frivolous allegations, as fully discussed below. For such reason, after expiration of the safe-harbor period without Plaintiff's counsel's actions to amend or withdraw the pleading, this Court should impose Rule 11 sanctions as a deterrent of such future conduct and to compensate Defendant for Plaintiff's frivolous maintenance of the fallacious allegations discussed below.

1.  **Federal Rule of Civil Procedure 11 Prohibits Filings Made Without a Reasonable Inquiry Into the Facts or Made With An Improper Purpose.**

Rule 11 of Civil Procedure provide, in relevant part:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"Rule 11 places an affirmative duty on attorneys, as it 'requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing.'" Franklin v. Pinnacle Entertainment, Inc., 289 F.R.D. 278, 285 (E.D.Mo. 2012), citing Counts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003); see also, Miller v. Bittner, 985 F.2d 935, 938 (8th Cir. 1993). The rule requires an attorney to verify that the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; attorneys are required to conduct a reasonable inquiry of the factual and legal basis for a claim before filing. See Coonts, 316 F.3d at 753.

In determining whether a pleading complies with the "reasonable inquiry" requirement, the court must determine "whether a reasonable and competent attorney would believe in the merit of an argument." Miller, 985 F.2d at 939, citing Dodd Ins. Servs. v. Royal Ins. Co. of America, 935 F.2d 1152, 1155 (10th Cir.1991).

## 2. Rule 11 in the context of removed cases with previously filed pleadings in violation of the reasonable inquiry standard.

Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention." Franklin, 289 F.R.D. at 286. Although Rule 11 does not grant the authority to impose sanctions based solely upon a complaint filed in state court which is thereafter removed to federal court, "[t]here is, however, a continuing duty after removal to not maintain frivolous or non-meritorious claims." Franklin, 289 F.R.D. at 284, n. 6, citing Davis v. MCI Commc'ns Servs. Inc., 421 F.Supp.2d 1178, 1182 (E.D.Mo. 2006).

Very much like in the present case, in Franklin, this Court, by voice of Honorable Judge Shaw, held that although there is no authority for imposing sanctions for filing a frivolous pleading filed in state court which is then removed to federal court, maintenance of such an action in federal court after removal and a party's prompt to correct baseless factual allegations, allows the district court to impose Rule 11 sanctions. See Franklin, 289 F.R.D at 288.

In this case, although the First Amended Petition (an amended complaint's equivalent) was filed in state court on November 7, 2018, before removal to this Court on March 15, 2019, even at such earlier date, Plaintiff's counsel had sworn evidence in the form of Plaintiff's own deposition testimony belying the complaint's most essential allegations. Insofar as, after removal to this Court, Plaintiff's counsel has failed to correct the complaint and dismiss those claims for which there is no evidentiary support, the imposition of Rule 11 sanctions is appropriate in this case.

### 3. **Plaintiff's counsel violated Rule 11 by maintaining a pleading before this Court that has no basis in fact, but is contrary to the undisputed sworn evidence in record.**

The transcript of Mrs. Theresa Johnson's deposition testimony, which was taken on October 19, 2018, before the filing of the First Amended Petition with the state court, and more than 11 months ago, is clear as to the following essentials allegations:

(1) Mrs. Johnson had no factual basis for the contention that the Lohman firm was paid from monies Mrs. Johnson paid the now dismissed co-defendant, Burlington Financial Group, LLC; she neither paid, nor had knowledge that Burlington would pay or actually paid Lohman any money, nor that Lohman would act in any fashion as partner of any other defendant to provide any services to Mrs. Johnson, as alleged at Paragraphs, 13, 42, 74, 75, 80, 94 and 114 of the First Amended Petition (ECF No. 3);

(2) Mrs. Johnson never received legal advice from Lohman as to how to handle state court litigation in Missouri, as to how to handle her debt problems, nor as to how to improve her credit situation. In fact, Mrs. Johnson was never the object of any solicitation for representation by Lohman concerning her debt problem, but solely received information concerning potential telephonic harassment by creditors, and potential claims under the Telephone Consumer Protection Act that Mrs. Johnson may have had, contrary to the allegations in Paragraphs 10, 67, 68, 77, 78, 79, 89, 90, 91, 99, 101, 102, 104, 105, 106, 108, 109, 111 and 115. See Deposition Transcript, Theresa Johnson, Dkt 32, Exhibit A thereto.

Insofar as Lohman never received any monies from Mrs. Johnson, as she declared herself during her October 19, 2018 deposition, and had no basis to sustain the allegation that Lohman was paid by dismissed codefendant Burlington, every factual contention indicating so, as

outlined above, runs afoul of Rule 11, inasmuch as they are false assertions of fact. Further, Mrs. Johnson testified that she was never promised by the Lohman firm to receive representation in connection with debt settlement, credit repair, or legal defense in any Missouri court. As such, every factual assertion in the amended complaint to such effect also violated Rule 11. Finally, each and every one of the claims asserted in the complaint that presumed the Lohman firm took monies, directly or indirectly, from Mrs. Johnson, in exchange for providing representation concerning Mrs. Johnson's debt or credit history problems, is clearly frivolous, as it is based on false factual contentions.

In view of such reasons and the applicable standard, Plaintiff's counsel's filing of the First Amended Petition on November 7, 2018, removed to this Court on March 15, 2019, and his continued assertion of said pleading before this Court, require the impositions of sanctions under the mandate of Rule 11.

### III.  CONCLUSION

Plaintiff's attorney filed the First Amended Petition in state court and maintained before this honorable Court, including factually incorrect and frivolous allegations, either without making a reasonable inquiry into the material facts, or with the improper purpose of making Lohman incur in unnecessary litigation expenses and, in the process, waste the precious resources of this honorable Court. Such conduct constitutes a blatant disregard of the duties imposed by Rule 11 and is detrimental to the practice of the legal profession.

On the date of signature of this motion, it is being served only upon *Richard Voytas*, to the attorney address of record, and will not be filed before this Honorable Court, or served upon any other party, unless after a period of 21 days after service, the challenged allegation is not

withdrawn or corrected. Copy of this motion was sent to Richard Voytas by email and certified mail on October 16, 2019. More than 21 days have elapsed since the motion was served, yet the infringing allegations have not been withdrawn. Copy of the Rule 11 letter sent to attorney Richard Voytas is hereby attached as **Exhibit 1**.

      **WHEREFORE,** Defendant Lohman very respectfully requests that this Honorable Court grant the present motion, and that sanctions be imposed on Theresa Johnson's counsel, Richard Voytas, to deter further filings of a frivolous nature and to satisfy the reasonable attorneys' fees and other costs incurred by Lohman in filing this motion.

      **RESPECTFULLY SUBMITTED.**

Dated: April 3, 2020

*/s/ Gary T. Eastman*
Gary T. Eastman
The Eastman Law Firm
12288 S Mullen Rd.
Olathe, KS 66062
Tel. 913-908-9113
gary@eastmanlawfirm.com
*Attorney for Defendant, Law Offices of Jeffrey Lohman, P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to the all CM/ECF participants, including Plaintiff's counsels of record, *Ethan W. Gee* and *Richard A. Voytas, Jr.*

*/s/ Gary T. Eastman*
Gary T. Eastman